# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                      Case No. 08-CR-320

**LISA MACK**
        Defendant.

## ORDER

On June 14, 2010, I sentenced defendant Lisa Mack to a total of 180 months in prison on her guilty pleas to causing another to travel interstate to commit murder for hire, 18 U.S.C. § 1958(a), and possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). The Seventh Circuit dismissed her direct appeal as frivolous. United States v. Mack, 461 Fed. Appx. 506 (7th Cir. 2012).

On August 27, 2012, defendant filed a motion for modification of her sentence pursuant to 18 U.S.C. § 3582(c)(2). That statute allows the court, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, to reduce the term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The district court may exercise this authority only if two conditions are met: (1) an amendment to the sentencing guidelines must specifically be listed as having retroactive effect, and (2) the amendment must lower the defendant's guideline range. United States v. Jackson, 573 F.3d 398, 399 (7th Cir. 2009). "All other cases are

outside the congressional grant of authority to district courts to modify sentences that have already been imposed." Id. The Commission lists those amendments that apply retroactively and upon which a § 3582(c)(2) motion may be based in U.S.S.G. § 1B1.10(c) (policy statement).

In the instant motion, defendant indicates that she relies on "Amendment 12," promulgated by the Commission in May 2007, which addressed "the counting of multiple prior sentences, and the use of misdemeanor and petty offenses in determining defendant's criminal history score." (Motion at 2.) It appears from the quoted language that defendant refers to Amendment 709, which went into effect on November 1, 2007. See United States Sentencing Commission Guidelines Manual, Appendix C – Volume III 238-41 (Amendment 709). This Amendment was already in effect at the time I sentenced defendant in 2010; it does not, in any event, appear in U.S.S.G. § 1B1.10(c), see United States v. Lee, 369 Fed. Appx. 726, 728 (7th Cir. 2010); and defendant makes no showing as to how it might lower her guideline range.

Defendant argues that in re-sentencing her I must apply the guidelines as advisory only. However, because I lack jurisdiction, there can be no modification of her sentence. In any event, defendant was originally sentenced under an advisory regime, and the Supreme Court has further held that the remedial aspects of Booker do not apply in § 3582(c)(2) proceedings. Dillon v. United States, 130 S. Ct. 2683, 2692 (2010) (abrogating United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), the case upon which defendant relies).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 77) is **DISMISSED.**

Dated at Milwaukee, Wisconsin this 30th day of August, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge